UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CRYSTAL WADE,                                           CASE NO.:

      Plaintiff,

v.

FLORIDA DEPARTMENT OF JUVENILE
JUSTICE,

      Defendant.

_____/

## COMPLAINT

Plaintiff, CRYSTAL WADE, hereby sues Defendant, FLORIDA DEPARTMENT OF

JUVENILE JUSTICE, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under Chapter 760, Florida Statutes; 29 U.S.C.  §794 et

seq. (the Rehabilitation Act); and 42 U.S.C. §1981a.  This is also an action brought under

§440.205, Florida Statutes.

2.      This is an action for damages in excess of Seventy Five Thousand Dollars

($75,000.00) exclusive of costs and interests.  Jurisdiction of this Court is invoked pursuant 28

U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and

28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, CRYSTAL WADE, has been a resident of

the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class

because of her actual or perceived disability.

4.      At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF

JUVENILE JUSTICE, has been organized and existing under the laws of the State of Florida.  At

all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. At all times pertinent hereto, Defendant received and utilized in conducting its functions as provided by law federal financial assistance, such assistance received for the purposes of assisting some or all of the programs and activities of Defendant. On information and belief, the funds received constituting such federal financial assistance were deposited into a general fund or account managed by or on behalf of Defendant.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began her employment with Defendant in May, 2013 and held the position of Juvenile Detention Officer II at the time of her wrongful termination on September 4, 2014.

7.      Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability and record of impairment.

8.      The mistreatment came at the hands of specifically but not limited to Superintendent Cody Wood; Captain Sharon Smith; Sergeant Roger Harrison and Sergeant Amanda Matthews.

2

9.      Plaintiff was injured in a workplace injury involving an inmate, and a valid workers compensation claim was filed on July 30, 2014.  Thereafter, Defendant failed to accommodate Plaintiff's restrictions and Plaintiff was subjected to having to work more double shifts than others.

10.      Plaintiff  complained about this treatment and working conditions.  She  had been recently promoted, so she was on probationary status.

11.      Plaintiff applied for FMLA and was denied, but never given a reason as to why until she received a letter which accompanied her termination letter on September 4, 2014,  that her request was denied because "not enough information was submitted to show a serious medical condition" although no request for more information was ever made and Defendant was well aware of Plaintiff's medical condition and her need for an accommodation, in part, in the form of time off.

12.      Defendant has taken action against Plaintiff because of an actual or perceived disability and record of impairment and because she filed a valid Workers' Compensation claim.

13.      Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws cited herein and such other grounds as are authorized.

**COUNT I**
**DISABILITY DISCRIMINATION**

14.      Paragraphs 1-13 are re-alleged and incorporated herein by reference.

15.      This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and 29 U.S.C. §794 et seq..

3

16.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

17.     Defendant is liable for the differential treatment and its refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant.

18.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

19.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

20.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

21.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

22.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary

4

losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

**COUNT II**
**RETALIATION – SECTION 440.205**

23.     Paragraphs 1-13 are re-alleged and incorporated herein by reference.

24.     This is an action against Defendant for retaliation under §440.205, Florida Statutes.  At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

25.     Plaintiff was employed with Defendant when she was injured on the job.  Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

26.     Defendant retaliated against Plaintiff because she was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

27.     Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida.

28.     As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law.  Plaintiff has also suffered

5

emotional pain and suffering damages and other intangible damages that continue to

day.  Plaintiff is also entitled to injunctive/equitable relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the  laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally- available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein including reinstatement;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining  Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff  attorney's fees and costs;

(f)    grant such other further relief as being just and proper under the  circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

6

DATED this 19th day of May 2016.

                                            Respectfully submitted,

                                            /s/ Marie A. Mattox
                                            Marie A. Mattox [FBN 0739685]
                                            MARIE A. MATTOX, P. A.
                                            310 East Bradford Road
                                            Tallahassee, FL 32303
                                            Telephone:  (850) 383-4800
                                            Facsimile:   (850) 383-4801

                                            ATTORNEYS FOR PLAINTIFF

7